FREEMAN P. KIRKENDALL ET AL.

v.

THOMAS KEOGH.

</div>

1. EVICTION.—The institution of a suit against a party in actual and uninterrupted possession of premises, and the entry of a decree that unless he pay a certain sum the premises will be sold, is not an eviction. To recover for an eviction the party should have surrendered the possession to the holder of the paramount title, or remained until he was removed by due process of law.

2. CONSTRUCTIVE EVICTION.—While certain acts have been held to amount to an actual eviction, it cannot be said that a person in possession can retain that possession and recover from his grantor upon the mere claim of the holder of the better title. He should have discharged the outstanding title before bringing his suit for an eviction. A mere agreement to pay the claim is not sufficient.

3. DAMAGES ON BREACH OF COVENANT.—In a suit for breach of the covenant against incumbrances, the plaintiff not having discharged the incumbrance when the suit was brought, is entitled to recover only nominal damages.

Kirkendall et al. v. Keogh.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. WM. E. HUGHES, for appellants; contending that there must be an eviction, cited Hamilton v. Cutts, 4 Mass. 352.

Until eviction, no action will lie: Bostwick v. Williams, 36 Ill. 65; Moore v. Vail, 17 Ill. 185; Brady v. Spurck, 27 Ill. 478.

Only nominal damages can be recovered: Brady v. Spurck, 27 Ill. 478; Hacker v. Blake, 17 Ind. 97; Small v. Reeves, 14 Ind. 164; Copeland v. Copeland, 34 Me. 446; Stewell v. Bennett, 34 Me. 422; Noonan v. Ilsley, 22 Wis. 27; Mecklem v. Blake, 22 Wis. 495.

Messrs. WILLIAMS, BURR & CAPEN, for appellees; that an actual eviction is not necessary, cited Beebe v. Swartwout, 3 Gilm. 162; Moore v. Vail, 17 Ill. 185; Hardin v. Larkin, 41 Ill. 415; McConnell v. Downs, 48 Ill. 271.

An agreement to pay, for protection against an outstanding title, has the same effect as regards eviction as actual payment: Buckler v. Northern Bank Ky. 63 Ill. 268.

If a vendor has notice of a suit against his vendee, he is bound by the judgment: Rawle on Cov. for Title, 226; Sisk v. Woodruff, 15 Ill. 15; McConnell v. Downs, 48 Ill. 271.

DAVIS, J.   Two questions only are presented by the parties to this case on the following facts, as shown by the record.

George Hinshaw, in his life-time, being the owner in fee of certain town lots in the city of Bloomington, sold the same to Chalkley Bell, and gave to him a bond for a deed on the payment of $1,250.

Afterward Bell sold and conveyed one of those lots, the lot in controversy in this suit, to the appellants, who subsequently sold, conveyed and warranted the same to the appellee, for the sum of $175, and placed him in full possession of the premises, and the appellee made improvements and remained in uninterrupted possession of the lot, and was in such possession when this suit was brought.   George Hinshaw, having departed this life, and Bell, having failed to pay the full amount of the

purchase money agreed to be paid for the lots, Jehu Hinshaw, the administrator of George Hinshaw, deceased, commenced a proceeding in chancery, to which the appellee, Chalkley Bell and others were parties, to obtain the payment of the purchase money remaining due on said lots. Written notice was immediately given by the appellee to the appellants of the commencement of this proceeding, and the appellee made all the defense which could be made in such cause.

On the final hearing a degree was rendered in favor of the complainant, and among other things, the court decreed that the said administrator should tender to appellee a good and sufficient deed for the lot so sold and conveyed to him by appellants, and that appellee should within twenty days after such tender, pay to the administrator a certain sum of money, which was by the agreement of the parties afterward fixed at the sum of $200 and one-third of the costs of the chancery proceeding. On default of such payment, the Master in Chancery was ordered to sell. On the 10th day of May, 1877, and some twenty days after the appellee had commenced this suit, he paid to the administrator the sum decreed to be paid, and received from him a deed for the lot in controversy.

On the 10th day of April, 1877, the appellee commenced his action of covenant against the appellants to recover damages for the breach of the covenants contained in the deed conveying the lot purchased by him. In this action the court below gave a judgment in favor of appellee against appellants for $191. To reverse this judgment appellants appealed. The two questions presented by the parties for the determination of this court, are:

Was the appellee evicted from the premises conveyed by the appellants, before the commencement of this suit? And, second, on the warranty of appellants against incumbrances, was the appellee entitled to recover more than nominal damages when he brought his suit?

Appellee contends that the institution of the suit by the administrator of Hinshaw, the entry of the decree in that case, and the agreement to pay the administrator for the lot, constitute a construcive eviction, which entitled him to sue.

The evidence shows conclusively that, from the time the appellee was first put in possession of the lot under his deed from appellants, he has had actual and uninterrupted possession of the premises.

The owner of the fee has taken no steps to remove him from such possession.    To recover for an eviction, the appellee should have surrendered the possession to the holder of the paramount title, or remained until he was removed by due process of law. Certain acts have been held as being equivalent to an actual eviction. As, " where the grantee, out of possession, is unable to obtain possession in consequence of an existing possession by a person claiming and holding under an elder title," or where " the grantee is hindered or prevented by any one having a better right from entering and enjoying the premises granted," or " where there is a union of acts of disturbance and lawful title." Beebe v. Swartwout, 3 Gilm. 162; Moore v. Vail, 17 Ill. 185.

But we are not aware of any case in which it has been held that a person in possession can retain that possession and recover from his grantor on the mere claim of the holder of the better title.

In this case the appellee could have paid off and discharged the outstanding title before bringing his suit, but we do not consider that an agreement to pay is equivalent to payment, as claimed by appellee, or that it amounts to a constructive eviction.

On the covenant against incumbrances it is clear that the appellee, not having discharged the incumbrance when this suit was brought, was only entitled to recover nominal damages in the court below.

The judgment given below must be reversed.

<div style="text-align: right">Reversed and remanded.</div>

The case of same appellants v. John McGrath, and same v. Hugh Corrigan, having been submitted on the same abstracts and briefs, and the facts being identical, and similar judgments having been rendered in the court below, the judgment in each case is reversed and the cases remanded.